UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CLARENCE TUCKER,                              :
                                              :
                          Petitioner,         :         MEMORANDUM AND ORDER
                                              :
          -against-                           :         07-CV-4829 (ENV)
                                              :
JOSEPH T. SMITH,                              :
                                              :
                          Respondent.         :
                                              :
-------------------------------------------------------------------x

VITALIANO, D.J.

        By petition dated November 7, 2007, *pro se* petitioner Clarence Tucker seeks a writ

of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section

2254 Cases, the Court has conducted an initial consideration of this petition and, for the reason set

forth below, determined that the petition appears to be barred by the one year statute of limitations

under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court therefore

directs petitioner to submit an affirmation to show cause why the petition should not be dismissed as

time-barred.

## Background

        On June 27, 1995, Tucker was convicted and sentenced to 25 years to life

imprisonment for murder in the second degree, robbery in the first degree and possession of a

weapon before the New York Supreme Court, Kings County. See Petition at ¶¶ 1-5. On March 5,

2001, the Appellate Division affirmed the conviction, People v. Tucker, 281 A.D.2d 439 (2d Dep't

2001), and the New York Court of Appeals denied leave to appeal on May 24, 2001, People v.

Tucker, 96 N.Y.2d 836 (2001). See Petition at ¶¶ 8-9. Tucker's conviction became final on August

22, 2001, upon expiration of the 90-day period for seeking a writ of certiorari.  Williams v. Artuz,

237 F.3d 147, 150-51 (2d Cir. 2001).

## Discussion

With the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA")

on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ

of habeas corpus by a person in custody pursuant to a state court conviction.  28 U.S.C. §

2244(d)(1).  Under the statute, a one-year period runs from the date on which one of the following

four events occurs, whichever is latest:

> (A)    the date on which the judgment became final by the
>        conclusion of direct review or the expiration of the time for
>        seeking such review;

> (B)    the date on which the impediment to filing an application
>        created by State action in violation of the Constitution or laws
>        of the United States is removed, if the applicant was
>        prevented from filing by such state action;

> (C)    the date on which the constitutional right asserted was
>        initially recognized by the Supreme Court and made
>        retroactively applicable to cases on collateral review; or

> (D)    the date on which the factual predicate of the claim or claims
>        presented could have been discovered through the exercise of
>        due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In this case, Tucker's petition appears untimely under subsection (A) because

Tucker's conviction became final on August 22, 2001, and, accordingly, the instant petition should

have been filed in federal court on or before August 22, 2002 in order to meet AEDPA's time

requirement.[1] Since the instant petition was filed on November 7, 2007,[2] more than 5 years after the one year limitations period had already expired, the petition is barred by 28 U.S.C. § 2244(d) unless petitioner can demonstrate that tolling is applicable.

1. Statutory Tolling

In calculating the one-year statute of limitations period, a district court will toll "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Post-conviction proceedings do not start the one-year period to run anew. Rather, Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation period. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*).

As submitted, Tucker's petition does not provide sufficient information for the Court to conclude that tolling is applicable. In addressing the timeliness of the petition, petitioner states that:

> [he] has been actively pursuing his post-conviction remedies and two other convictions that were consolidated by his appeal attorney as each conviction was separated which makes petitioner's petition complex under several conditions and petitioner will bring forth two other separate "first" petitions before this court along with this petition herein.

---

[1]  Tucker does not state any facts from which the Court can conclude that subsections (B)-(D) are applicable.

[2]  Under the "prisoner mailbox rule," the Court "treat[s] the petitioner's petition as having been given to prison officials for filing, and therefore having been filed, on the date that appears on his petition"—November 7, 2007. Adeline v. Stinson, 206 F.3d 249, 251 n.1 (2d Cir. 2000) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)).

3

See Petition at ¶ 14.  Notwithstanding Tucker's statement, he does not provide any specific information regarding the filing of post-conviction motions.  See Petition at ¶¶ 11-12.  The Court, therefore, is unable to determine whether any post-conviction motion, if filed, would operate to toll the limitations period.

2. Equitable Tolling

The limitations period also may be equitably tolled if Tucker can demonstrate that: (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll," Id.  See also Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007) (assuming without deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (internal citation and quotation omitted).  The instant petition does not provide any basis for equitable tolling.

## Conclusion

For all the foregoing reasons, it appears that the petition is untimely.  Accordingly, the Court hereby directs Tucker to show cause by written affirmation,[3] within 60 days from entry of this Order, why the petition should not be dismissed as time-barred by AEDPA's one year statute of limitations.  Day v. McDonough, 547 U.S.198, 209 (2006) ("a court must accord the parties fair notice and an opportunity to present their positions") (citing Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000)).  The affirmation should include any facts which would support tolling of the one year limitations period.

No opposition from respondent is required at this time and all further proceedings are

---

[3]  An affirmation form is attached to this order for petitioner's convenience.

stayed until Tucker files an affirmation in accordance with this Order. If Tucker fails to file comply with this Order within the 60 day period, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

Dated: Brooklyn, New York
       November 28, 2007

/S/

ERIC N. VITALIANO
United States District Judge

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CLARENCE TUCKER,                                   :
                                                   :
                                Petitioner,        :          PETITIONER'S AFFIRMATION
                                                   :
                                                   :          07-CV-4829 (ENV)
                -against-                           :
                                                   :
JOSEPH T. SMITH,                                   :
                                                   :
                                Respondent.        :
                                                   :
----------------------------------------------------------------x

   I, CLARENCE TUCKER, appearing *pro se*, make the following affirmation

under the penalties of perjury: I am the petitioner in this action and I respectfully submit this

affirmation in response to the Court's Order dated November 28, 2007. The instant petition

should not be time-barred by the one-year period of limitations because:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]


       In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.


DATED: _____

                                    _____
                                      Signature & Identification Number

                                      _____

                                      _____
                                      Address

                                      _____
                                      City, State & Zip Code

2