UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CLARENCE TUCKER,

                        Petitioner,

     -against-

JOSEPH T. SMITH,

                        Respondent.
-----------------------------------------------------------X

MEMORANDUM AND ORDER

07-CV-4829 (ENV)

VITALIANO, United States District Judge:

By petition dated November 7, 2007, *pro se* petitioner Clarence Tucker, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Memorandum and Order dated November 28, 2007, the Court directed Tucker to show cause why the petition should not be dismissed as time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On January 31, 2008, petitioner filed his response entitled "Petitioner Opposition to Respondent's Motion to Dismiss as Time-Barred."[1]

## Background

Following his conviction in Supreme Court, Kings County, on June 27, 1995, Tucker was sentenced to 25 years to life imprisonment for murder in the second degree.[2] On March 5, 2001,

---

[1] The Court notes that respondent did not move to dismiss the petition as time-barred; rather, the Court, *sua sponte*, directed petitioner to address the timeliness of the instant petition for habeas corpus relief.

[2] Although petitioner claims he was convicted for murder in the second degree, robbery in the first degree, and possession of a weapon, see Petition at ¶¶ 1-5, the Court notes that the order of affirmance in the Appellate Division indicates only that petitioner was convicted of murder in the second degree and does not mention any conviction for robbery or weapons possession. See People v. Tucker, 281 A.D.2d 439, 721 N.Y.S.2d 284 (2d Dep't 2001).

the Appellate Division affirmed the conviction, People v. Tucker, 281 A.D.2d 439, 721 N.Y.S.2d 284 (2d Dep't 2001), and the New York Court of Appeals denied leave to appeal on May 24, 2001, People v. Tucker, 96 N.Y.2d 836, 729 N.Y.S.2d 457 (2001). See Petition at ¶¶ 8-9. Tucker's conviction became final on August 22, 2001, upon expiration of the 90-day period for seeking a writ of certiorari. Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001).

## Discussion

AEDPA sets a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). Under the statute, the one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). In this case, Tucker's conviction became final on August 22, 2001, and accordingly, the instant petition should have been filed in federal court on or before August 22, 2002. Under subsection (A),[3] the petition is untimely since the instant petition was

---

[3] Tucker does not state any facts from which the Court can conclude that subsections (B)-(D) are applicable.

filed on November 7, 2007, more than 5 years after the one-year limitations period had already expired, unless Tucker can demonstrate that tolling is applicable. Accordingly, the Court directed Tucker to show cause why the petition should not be dismissed as time-barred.

In his opposition, petitioner argues that (i) the AEDPA statute of limitations provision violates the Suspension Clause, (ii) he can show cause and prejudice as to those claims that were procedurally defaulted; (iii) the attorney he retained to pursue post-conviction relief, including habeas corpus relief, died during his representation and that his "sub-counsel" disappeared and failed to act on his case.

1. Statutory Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation period. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*). Petitioner does not identify any post-conviction motions in his opposition, therefore, the Court concludes that statutory tolling is not applicable to the instant petition.

2. Equitable Tolling

The limitations period, however, may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll."

3

Id.; see also Lawrence v. Florida, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (assuming without deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted). Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

Here, petitioner's arguments for equitable tolling are meritless. First, the Second Circuit has specifically held that the application of the AEDPA statute of limitations period is not a *per se* violation of the Suspension Clause. See Rodriguez v. Artuz, 161 F.3d 763, 764 (2d Cir. 1998) (per curiam), *aff'g opinion below*, 990 F.Supp.275 (S.D.N.Y. 1998); see also Lucidore v. New York State Div. of Parole, 209 F.3d 107, 113 (2d Cir. 2000). Second, the Court cannot reach the merits of petitioner's grounds and whether such grounds are subject to procedural default if the petition is time-barred. Third, the failure of petitioner's attorney to timely file his habeas corpus petition in federal court due to his death and the failure of a second attorney to file any papers on his behalf does not warrant tolling of the one-year limitations period because he did not obtain his initial post-conviction counsel until *after* the limitations had already expired. A review of the contract with the deceased attorney, Daniel C. Furman, Esq., shows that it was signed by Tucker and dated March 22, 2003. See Petitioner's Exhibit B. Not that it is at all relevant given when Tucker finally retained his first counsel, but the contract with the second attorney, Alireza Dilmaghani, Esq., was signed by Tucker and dated September 16, 2004. The limitations period expired on August 22, 2002. See Petitioner's Exhibit B.

4

No other ground for equitable tolling is either advanced by Tucker or appears or is even suggested by the record or the facts asserted by Tucker.

## Conclusion

Because Tucker has failed to demonstrate that the AEDPA statute of limitations should be tolled for statutory or equitable reasons, the instant petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is hereby dismissed as time-barred under 28 U.S.C. § 2244(d). As this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of any appeal. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
March 4, 2008

ERIC N. VITALIANO
United States District Judge